The Honorable Russell Bennett State Representative 95 Lafayette 44 Lewisville, Arkansas 71845-8840
Dear Representative Bennett:
I am writing in response to your request for an opinion on the salary of the Lafayette County treasurer-collector. You note that before 2002, the collector's office in Lafayette County was under the jurisdiction of the Sheriff's department. See Arkansas Constitution, art. 7, § 46. Last year, however, "the collector's office was put under the Treasurer." I assume that this state of affairs was properly effected pursuant to Amendment 55 § 2(b).[1] You note that pursuant to Act 1170 of 2001, the Treasurer's current salary falls between the minimum and maximum salary provisions for the Treasurer's office alone. You state that "[t]he salary also falls between the maximum and minimum salary provisions of the enhanced salary of Treasurer/collector."
Your question is whether the County is required to give the Treasurer a $1392 raise for assuming responsibility of the collector's office.
RESPONSE
It is my opinion that the answer to your question is "no."
The pertinent statute is A.C.A. § 14-14-1204 (Supp. 2001), specifically, subsection (i) thereof, which provides as follows:
 (i)(1)(A) The annual salary of a county treasurer shall be in compensation for all services performed as provided by the Arkansas Constitution, by law, or by county ordinance.
 (B) In any county in which the offices of treasurer and collector are combined into a single office, the maximum and minimum salaries of the county treasurer and collector shall be one thousand three hundred ninety-two dollars ($1,392) greater than those prescribed for the appropriate class of county in subdivision (i)(2) of this section.
 (2) The minimum and maximum salaries per annum for the county treasurer of a county shall be as follows:
 Classification Salary Per Annum
 Class 1 not less than $21,000 nor more than $57,276
* * *
(Emphasis added). Although you do not indicate, it appears Lafayette County is a "Class 1" county for purposes of this statute.[2]
The quorum court of each county is required to fix the annual salaries of the county officers within the minimums and maximums provided in A.C.A. § 14-14-1204. See A.C.A. § 14-14-1204(a). As you note, the current salary set by the quorum court for the Lafayette County treasurer-collector falls between the current minimum and maximum set out above. You also indicate that the current salary set by the quorum court falls between the enhanced minimum and maximum salary provisions for a treasurer-collector. I take this to mean that the current salary set by the quorum court also falls between the minimum set out above plus $1392.00 and the maximum set out above plus $1392.00.
Your question with respect to these facts is whether the italicized language in (i)(1)(B) above entitles the treasurer-collector to a raise of $1392.00 for assuming the additional duties of collector.[3] It is my opinion that the answer to this question is "no."
The effect of A.C.A. § 14-14-1204(i)(1)(B) is to raise the appropriate minimum and maximum salary by $1392, thus changing the range within which the quorum court must set the salary. This provision does not operate as a mandate, in my opinion, for the quorum court to raise a salary that nonetheless falls within the enhanced range.
In my opinion, therefore, the answer to your question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:ECW/cyh
[1] This provision states that: "The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action."
[2] Classification of counties is based upon population as set out in A.C.A. § 14-14-1204(b). Class 1 counties have a population of zero to 9,999 according to the preceding federal decennial census. Id.
[3] The italicized language above was added to the statute by Act 759 of 1997.